## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

LESTER PAUL STEPP                                                    PLAINTIFF

v.                                         CIVIL ACTION NO. 3:07-CV-251-S

JUDGE BOWLES                                                      DEFENDANTS

### MEMORANDUM OPINION

The plaintiff, Lester Paul Stepp, filed a *pro se*, *in forma pauperis* complaint (DN 1).  This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).   For the reasons set forth below, the action will be dismissed.

### I. SUMMARY OF CLAIMS

The plaintiff lists as grounds for filing his complaint in federal court violations of a Department of Veterans Affairs Order dated April 19, 2007, and the Fifth, Sixth, Eighth, Thirteenth and Fourteenth Amendments.  He names as defendant Family Court Judge Bowles and states that there are others, but that he does not "know what to do.  A lawyer would."  He states that he was arrested on February 27, 2007, and it cost people a lot of money to get him out on bond.  He alleges that he has not been told the charges; that he was forced to sign legal documents; and that he was refused to have a "responsible person," who had his nitroglycerin tablets, in court with him per doctor's order.  He states that he is a sick man who has had four heart attacks and that, at his last court date, he had recently been released from the hospital; was on "heavy duty medicine;" and told the judge that he did not understand and wanted a lawyer and his "responsible person" but was refused.  He attaches to his complaint three Family Court Compliance Show Cause Orders requiring the plaintiff's presence in court, some medical

progress notes from April 2007, and an April 16, 2006, letter from the plaintiff to Judge Bowles suggesting that he has been the victim of a plot and stating that he is on a lot of serious medication and requesting a public defender.  As relief, the plaintiff states that he wants a lawyer to present his evidence and that he wants the lower court to stop violating his constitutional rights and to return all of the confidential Veterans Affairs documents to him.

## II. <u>ANALYSIS</u>

This Court must review the instant action.  *See* 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 604-05.  Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.  While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, ___, 127 S. Ct. 1955, 1974 (2007).

The powers of federal district courts are enumerated in Article III of the Constitution. Federal courts hear only cases allowed under the Constitution or cases which Congress has entrusted to them by statute.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Fisher v. Peters*, 249 F.3d 433, 444 (6th Cir. 2001).  The burden of establishing jurisdiction rests with the plaintiff.  *Hedgepeth v. Tennessee*, 215 F.3d 608, 611 (6th Cir. 2000).

The plaintiff states that his claims arise under an April 19, 2007, Department of Veterans Affairs Order, and the Fifth, Sixth, Eighth, Thirteenth, and Fourteenth Amendments.  Attached to his complaint is an April 19, 2007, document entitled "Arteriogram-Axillary Entry Discharge Instructions" from the Kentucky VA Medical Center.  That document instructed the plaintiff, among other things, to "not make important decisions or sign any legal documents for the next 24 hours" and to "[m]ake sure A RESPONSIBLE PERSON stays with you for the rest of today and overnight for your protection and safety."  The time is noted on that document as "13:48." Also included in the documents attached to the complaint is a Family Court Compliance Show Cause Order ordering the plaintiff to appear before that court at 8:30 a.m. on April 20, 2007, *i.e.*, less than 24 hours after the plaintiff was given the discharge instructions.

Thus, the plaintiff's allegations are really that his obligation to be in Family Court on April 20, 2007, conflicted with his medical instructions following a certain procedure he underwent the day before, not that the defendant violated an order of the Department of Veterans Affairs.  The Court construes this claim as alleging that the defendant violated the plaintiff's due process rights under the Fourteenth Amendment by requiring the plaintiff to appear in court, without a responsible person for his medical condition, and to sign legal documents despite knowing that the plaintiff had been instructed by his doctor to be with a responsible person[1] and not to make important decisions or sign legal documents until after 1:48 p.m. on April 20, 2007.

Congress has explicitly provided a remedy for constitutional violations brought against state and local officials and local units of government in 42 U.S.C. § 1983.  The Sixth Circuit has

---

[1] Actually, the medical discharge notes only instructed the plaintiff to have a responsible person with him until the next morning, which is not to suggest that it may not have been wise for the plaintiff to keep a responsible person near him longer than that.

3

stated that "it is unnecessary and needlessly redundant to imply a cause of action arising directly under the Constitution where Congress has already provided a statutory remedy of equal effectiveness through which the plaintiff could have vindicated [his] constitutional rights." *Thomas v. Shipka*, 818 F.2d 496, 500 (6th Cir. 1987), *vacated on other grounds*, 488 U.S. 1036 (1989). In *Thomas*, the Sixth Circuit held that § 1983 provides the exclusive remedy for constitutional claims brought against state and local officials and local units of government. *Id.* at 499. The plaintiff has no cause of action directly under the Constitution. Therefore, the Court construes the plaintiff's claims under the constitutional amendments as being brought under § 1983. *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992); *Henderson v. Corr. Corp. of Am.*, 918 F. Supp. 204, 208 (E.D. Tenn. 1996).

All of the plaintiff's requested relief is injunctive in nature, and the only named defendant is Judge Bowles. Section 1983 provides in pertinent part that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." The plaintiff does not allege and nothing in the complaint suggests that a declaratory decree was violated or that declaratory relief was unavailable. Therefore, all of the plaintiff's claims will be dismissed by separate order. *See Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006).

Nor would interpreting the plaintiff's requests for injunctive relief to be requests for mandamus relief be of any help to the plaintiff. Under 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

4

The plaintiff, however, does not ask this Court to compel any officer, employee, or agency of the *United States* to perform any duty owed him.  Rather, he asks the Court to compel a *state* court judge to act, and "federal courts have no authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties."  *Haggard v. Tennessee*, 421 F.2d 1384, 1386 (6th Cir. 1970).

Therefore, by separate order, this action will be dismissed for failure to state a claim upon which relief can be granted.

Date:


cc:     Plaintiff, *pro se*
        Defendant
        Attorney General, Commonwealth of Kentucky
 4411.009